IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EDWIN PASCUA CARAANG and EDNA GOROSPE CARAANG,<br><br>      Plaintiffs,<br><br>  vs.<br><br>PNC MORTGAGE, ETC., ET AL.,<br><br>      Defendants. | CIVIL NO. 10-00594 LEK-BMK |

**ORDER REGARDING PLAINTIFFS' FIRST AMENDED COMPLAINT
AND DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Plaintiffs Edwin Pascua Caraang and Edna Gorospe Caraang (collectively "Plaintiffs") filed their original Complaint on October 12, 2010. Defendants PNC Mortgage, a division of PNC Bank, National Association; PNC Bank, National Association in its individual capacity and as successor by merger to National City Mortgage Inc., and National City Bank; and PNC Financial Services Group, Inc. (collectively "PNC"), filed their Motion to Dismiss Complaint ("Motion") on February 25, 2011. PNC also served the Motion on Plaintiffs on that date. [Certificate of Service, filed 2/25/11 (dkt. no. 14).] On April 1, 2011, Plaintiffs filed their First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(A) and Local Rule 10.3. [Dkt. no. 22 at 2.]

Fed. R. Civ. P. 15(a) states, in pertinent part:

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course

within:

>    (A) 21 days after serving it, or

>    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

> (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Thus, pursuant to Rule 15(a)(1)(B), Plaintiffs had twenty-one days after February 25, 2011 to amend their Complaint "once as a matter of course[.]"[1]  Insofar as Plaintiffs failed to amend their Complaint within twenty-one days after PNC served

---

[1] PNC filed a Notice of Waiver of Service on December 13, 2010, noting that its deadline to answer the Complaint was February 10, 2011.  [Dkt. no. 8.]  Rule 15(a)(1)(A) arguably does not apply because: 1) PNC has already filed a motion to dismiss the Complaint under, *inter alia*, Fed. R. Civ. P. 12(b); and 2) even if Rule 15(a)(1)(A) applies after the filing of a motion under Rule 12(b), Plaintiffs had to amend their Complaint as a matter of course within twenty-one days after serving it. Insofar as PNC waived service, Plaintiffs should have amended their Complaint under Rule 15(a)(1)(A) no later than twenty-one days after February 10, 2011, the day PNC's answer was due.

2

Plaintiffs with the Motion, Plaintiffs could not amend their Complaint without either PNC's written consent[2] or leave of court.  See Fed. R. Civ. P. 15(a)(2).  Plaintiffs did not obtain leave of court, and there is no indication in the record that Plaintiffs obtained PNC's written consent.  The Court therefore STRIKES Plaintiffs' First Amended Complaint, filed April 1, 2011.

The Court also notes that Plaintiffs have not responded to PNC's Motion.  The Motion is currently set for hearing on April 21, 2011.  Any memorandum in opposition was therefore due on March 31, 2011.  See Local Rule LR7.4.  It appears that Plaintiffs may have believed that, in light of their filing of the First Amended Complaint, they did not need to respond to PNC's Motion.  If so, Plaintiffs are mistaken.  Particularly in light of the fact that the Court has stricken Plaintiffs' First Amended Complaint, Plaintiffs must respond to PNC's Motion.  The Court therefore CONTINUES the hearing on PNC's Motion to **Thursday, May 5, 2011 at 3:00 p.m.**  Plaintiffs' memorandum in opposition to PNC's Motion is due by no later than **Tuesday, April 12, 2011**.  PNC's optional reply is due by no later than **Tuesday, April 19, 2011**.

The Court CAUTIONS Plaintiffs that, if they fail to file their memorandum in opposition by April 12, 2011, this Court

---

[2] No other defendant has been served or otherwise appeared in this action.

will vacate the hearing on PNC's Motion and grant the Motion on the ground that it is unopposed.

Finally, to assist the parties and counsel, the Court notes that a plaintiff's amendment of his complaint can sometimes resolve the issues in a defendant's motion to dismiss. Parties can, for example, stipulate that the defendant will withdraw the motion to dismiss and consent to the filing of an amended complaint. After the plaintiff files his amended complaint, the defendant can file a motion to dismiss, or other dispositive motion, focusing on the remaining claims and issues in the amended complaint. The plaintiff cannot, however, file an untimely amended complaint and assume that the Court will construe it as a form of opposition to the pending motion to dismiss.

### CONCLUSION

On the basis of the foregoing, Plaintiffs' First Amended Complaint, filed April 1, 2011, is HEREBY STRICKEN. The hearing on PNC's Motion to Dismiss Complaint, filed February 25, 2011, is HEREBY CONTINUED to **Thursday, May 5, 2011 at 3:00 p.m.** Plaintiffs' memorandum in opposition is due by no later than **Tuesday, April 12, 2011**, and PNC's optional reply is due by no later than **Tuesday, April 19, 2011**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 4, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EDWIN PASCUA CARAANG, ET AL. V. PNC MORTGAGE, ET AL; CIVIL NO. 10-00594 LEK-BMK; ORDER REGARDING PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEFENDANTS' MOTION TO DISMISS COMPLAINT**